**Civil Action No. 17-cv-01910-REB**
**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Bankruptcy No. 16-21204 KHT, Chapter 13
Adversary No. 17-01066 KHT

IN RE:

LINO MIRANDA MUNOZ,
     Debtor.

---

SUPERIOR CLEANING SERVICE, LLC
     Appellant,
v.

LINO MIRANDA MUNOZ,
     Appellee.

---

**APPELLANT'S REPLY BRIEF**

---

On appeal from Adversary Proceeding No. 17-01066 KHT before the United States Bankruptcy Court for the District of Colorado.

DATED this 21st day of November, 2017.

<u>Respectfully submitted by:</u>

<u>/s/  Lindsay J. Miller</u>
Lindsay J. Miller, Esq.
**MONTGOMERY LITTLE & SORAN, P.C.**
5445 DTC Parkway, Suite 800
Greenwood Village, CO 80111
Tel: (303) 773-8100
Fax: (303) 220-0412
Email: lmiller@montgomerylittle.com
*Counsel for Appellant Superior Cleaning Service, LLC*

1

## **TABLE OF CONTENTS**

TABLE OF AUTHORITIES ...................................................................3

RESPONSE TO DEBTOR'S STATEMENT OF THE CASE .................................4

RESPONSE TO ARGUMENT.................................................................6

  I.  The Full Amount of the Debt is Non-Dischargeable ......................................6

  II.  Superior's Fees And Costs Incurred In The Adversary Proceeding Are Recoverable And Non-Dischargeable ..............................................10

CONCLUSION .......................................................................13

# TABLE OF AUTHORITIES

**Cases**

*Archer v. Warner*, 538 U.S. 314 (2003)........................................................................8

*Bedard v. Martin*, 100 P.3d 584, 593 (Colo. Ct. App.) 2004)..................................5

*Butner v. United States*, 440 U.S. 48 (1979).................................................... 12, 13

*Cherry v. Neuschafer (In re Neuschafer)*, 2014 WL 2611258
    (10th Cir. BAP June 12, 2014) .........................................................................9, 10

*Cohen v. de la Cruz*, 523 U.S. 213 (1998)..................................................... passim

*In re Busch*, 369 B.R. 614 (10th Cir. BAP 2007) ................................. 10, 11, 12, 13

*In re Hopper*, 71 Bankr. 67, 68 (Bankr. D. Colo. 1987)..........................................6

*In re Luna*, 2011 WL 144906 (Bankr.D.N.M. Jan. 18, 2011) ............................6, 8

*In re Lyons*, 454 B.R. 174, 178 (Bankr. D. Kan. 2011):...........................................9

*In re Neuschafer*...................................................................................................10

*In re Shahid*, 254 B.R. 40 (10th Cir. BAP 2000)........................................ 10, 12, 13

*Nelson v. Tsamasfyros (In re Tsamasfyros)*, 940 F.2d 605 (10th Cir. 1991) .........6, 7

*Traveler's Casualty & Surety Co. v. Pacific Gas & Elec. Co.*,
    549 U.S. 443 (2007)................................................................................. 11, 12, 13

**Statutes**

11 U.S.C. § 523.........................................................................................................7

11 U.S.C. § 523(a)(2)(A) ................................................................................. passim

11 U.SC. § 523 (a)(4).................................................................................................7

Ga. Code. Ann. § 13-6-11 (1984) ..........................................................................10

## RESPONSE TO DEBTOR'S STATEMENT OF THE CASE

Appellant Superior Cleaning Service, LLC ("Superior") files this Reply Brief to respond to and provide complete information regarding certain statements made by Debtor/Appellee Lino Miranda Munoz ("Debtor") in his Appellee's Response Brief ("Response Brief").   As previously argued in Appellant's Brief, the Bankruptcy Court erred in its assessment of *Cohen* and 11 U.S.C. § 523(a)(2)(A) with respect to the Debt at issue.  Additionally, Superior is entitled to recovery of its fees and costs expended in successful dischargeability litigation because of the fee-shifting provision of the Independent Contractor Agreement, reproduced above, and in accordance with *In re Busch, Traveler's,* and *Butner.*

First, Debtor states that "[o]n March 19, 2015, Superior moved for an award of attorneys' fees under the Independent Contractor Agreement, which provided that '[i]n the event of any dispute arising from or related to this agreement, the prevailing party shall be awarded reasonable attorneys' fees and costs.'" (Response Brief, p. 8).  However, Debtor failed to provide the Court with complete information.  While it is true that Superior requested an award of fees and costs under the Independent Contractor Agreement, Superior *included the fraud claims* against Debtor in the attorney fee request.  Paragraph 11 of the March 19, 2015 Motion for Attorneys Fees filed in the State Action ("Motion") provides:

> In addition to prevailing on [Debtor's] claims, [Superior] also  prevailed  on  its  counterclaims…Since  [Superior]

4

> prevailed on its breach of contract counterclaim, it is also
> entitled to an attorney fee award under the contract for that
> victory.   In addition, [Debtor's] counterclaim for fraud
> arose out of the contract because it involved fraudulent
> billing by [Debtor] for work performed under the contract.
> Therefore, it is also subject to the fee-shifting provisions
> of the contract.

A copy of the Motion is attached hereto as **Exhibit 1.**

As is particularly relevant here, Superior cited *Bedard v. Martin*, 100 P.3d 584, 593

(Colo. Ct. App. 2004) in support of its argument for fees in the State Action:

> When contractual attorney fee shifting provisions include
> language such as "arising from or related to this
> agreement," it means any and all claims which "originate
> from, grow out of, or flow from" the contractual
> relationship.  *Bedard v. Martin*, 100 P.3d 584, 593 (Colo.
> App. 2004).

Ex. 1, ¶ 9.

Based on this Motion, the State Court awarded Superior its fees and costs for the

first time.   As detailed in Superior's Appellant's Brief, Superior was awarded its

additional fees and costs in a subsequent judgment due to Debtor's frivolous

attempts to obtain relief from the judgment.   Ultimately, Superior's multiple awards

were consolidated into the judgment at issue here (the "Debt").   Because the Debt is

traceable to and stems from Debtor's fraud, as determined in the State Action, the

Debt constitutes a "liability arising from money, property, etc. that is fraudulently

obtained," and Superior is entitled to recover, in full, its "attorneys' fees and other

relief that may exceed the value obtained" by Debtor.  *Cohen v. de la Cruz*, 523 U.S.

213 (1998); 11 U.S.C. § 523(a)(2)(A).    Thus, the Debt, in its entirety, is non-dischargeable.

## RESPONSE TO ARGUMENT

### I.    The Full Amount of the Debt is Non-Dischargeable

In support of his argument that the Bankruptcy Court may "determine the amount of debt excepted from discharge[1]," Debtor cites to *Nelson v. Tsamasfyros (In re Tsamasfyros)*, 940 F.2d 605 (10th Cir. 1991) and *In re Luna*, 2011 WL 144906 (Bankr.D.N.M. Jan. 18, 2011)(memo op.).    Curiously, however, neither case supports Debtor's position, and Debtor only cites to a misleading portion of each case.

Contrary to Debtor's insinuation, dischargeability truly is "an 'all or nothing' proposition." *In re Tsamasfyros*, 940 F.2d at 608.   However, Debtor's citation to this case omits the very next sentence of the *In re Tsamasfyros* opinion: "It logically follows that a state court's calculation of damages may not be collaterally attacked in the bankruptcy court." 940 F.2d at 608, *See e.g., In re Hopper*, 71 Bankr. 67, 68 (Bankr. D. Colo. 1987).  The facts of *In re Tsamasfyros* are informative here because the case dealt with a state court judgment involving multiple claims, one of which was for breach of fiduciary duty. 940 F.2d at 605.  After a four-day bench trial, the

---

[1] Response Brief, p. 12

state district court found, among other things, that "…Dr. Tsamasfyros' actions in breaching his fiduciary duties were attended by circumstances of fraud…" *Id.* Dr. Tsamasfyros thereafter filed for Chapter 7 Bankruptcy protection in the Western District of Oklahoma. The state court creditor, L. Bruce Nelson, disputed the dischargeability of his judgment against Dr. Tsamasfyros, arguing that the debt was non-dishargeable under 11 U.S.C. § 523 and Dr. Tsamasfyros was collaterally estopped from "contending otherwise." *Id.* The bankruptcy judge ultimately found in Mr. Nelson's favor, ordering the debt non-dischargeable under 11 U.S.C. § 523(a)(2)(A). *Id.* at 606. On appeal, the district court affirmed the result, but found that the debt was 'more logically' non-dischargeable under 11 U.SC. § 523 (a)(4). *Id.*

As is relevant here, the *In re Tsamasfyros* Court found that "the principle of collateral estoppel precludes Tsamasfyros from relitigating the same matter" and that:

> Nelson's claim against Tsamasfyros is grounded on a judgment which he obtained in state court, after trial. Tasmasfyros did not appeal the state court's judgment, either on its merits or the amount of damages. Under the principle of collateral estoppel, Tsamasfyros is precluded from relitigating either in his bankruptcy proceeding.

*Id.* at 607-608.

The same logic should be applied here. Superior's claim against Debtor is grounded on a state court judgment, obtained after a four-day jury trial. Debtor did

not appeal the state court judgment that constitutes the Debt, and the Bankruptcy Court here erroneously found the vast majority of said Debt to be dischargeable.

Similarly, *In re Luna* does not support Debtor's position, and again, Debtor cherry-picks his case law.  Debtor asserts that the Bankruptcy Court is not precluded "from limiting non-dischargeablility to 'the share of money, property, etc. that is obtained by fraud.'"[2]  In reality, *In re Luna* interpreted *Cohen* to mean that the "phrase 'to the extent obtained by' in 11 U.S.C. § 523(a)(2)(A) "makes it clear that the share of money, property, etc. that is obtained by fraud gives rise to a non-dischargeable debt.  Once it is established that specific money or property has been obtained by fraud, however, 'any debt' arising therefrom is excepted from discharge." *In re Luna,* *44.  Stated another way, per *In re Luna* Court: "[I]f a debt is made up of several "shares" and one share is money or property obtained by fraud, the other shares are nondischargeable.  But the share obtained by fraud, and all debts arising from or related to that share (e.g. punitive or treble damages) are nondischargeable." *Id.*[3]  Advancing this argument further to attorneys fees and costs, Debtor does not dispute in the Response Brief that *Cohen* <u>expressly allows</u> for the recovery of "attorneys fees and costs of suit associated with establishing fraud" in

---

[2] Response Brief, p. 13

[3] *In re Luna* also references Justice Thomas' dissent in *Archer v. Warner*, 538 U.S. 314, 325-26 (2003) in support of this argument.  Debtor also cites to page 325 of the *Archer* case, but presents this dissent as a holding of the Court.

order for a victim to be made whole.  523 U.S. at 223.  The Debt is not comprised of "shares" as contemplated in *In re Luna*.  Indeed, as stated in *In re Lyons*, 454 B.R. 174, 178 (Bankr. D. Kan. 2011): "All facets of the judgment are not dischargeable, for the law provides '[i]f a debt is found nondischargeable under [§523(a)(2)], all parts of the debt, including punitive damages and previously awarded attorneys fees are nondischargeable[.]"

As previously argued in Appellant's Brief and as demonstrated by the State Action record, the jury in the State Action found that Debtor had committed "actual fraud" and entered damages against Debtor in the amount of $12,500.00.  By March 19, 2015 (the date of filing of Exhibit 1 attached hereto), Superior had incurred substantial attorneys fees and costs to both defend against, and establish its case against, Debtor.  Subsequently, Debtor forced Superior to incur even more fees and costs in order to protect its judgment.  The Debt represents the collective efforts of Superior to establish and protect its judgment against Debtor for the actual fraud Debtor committed.  It is irrelevant that the fees were awarded to Superior by a contractual provision; Superior *included the fraud claims* against Debtor in the attorney fee request as a "prevailing party" on that counterclaim.    Therefore, the Debt, in its entirety, is non-dischargeable and Debtor's reliance on *Cherry v. Neuschafer (In re Neuschafer)*, 2014 WL 2611258 (10th Cir. BAP June 12, 2014)(slip. Op.) is misplaced.

Debtor relies on *In re Neuschafer* to support its argument that the Bankruptcy Court did not err in excluding the attorneys fees and costs from the amount excepted from discharge.  However, the facts of *In re Neuschafer* differ.  For purposes of brevity, as relevant here, because it was "unclear" whether the attorneys fees awarded by the state court in *In re Neuschafer* were based on a non-dischargeable claim (fraud) or a dischargeable claim (racketeering), the award was found to be dischargeable. *Id.* at *37.   The attorneys fees at issue in *In re Neuschafer* were awarded based on a Georgia statute compensating plaintiffs for "unnecessary trouble and expense" resulting from bad faith litigation. Ga. Code. Ann. § 13-6-11 (1984); *Id.* at *37.  Because the state court found only that the Cherrys were "entitled to" fees under § 13-6-11 and made no further record as to which claim the fees were attributable to, the BAP "could not say" that the Bankruptcy Court erred in excluding the debt for attorneys fees and costs from discharge. *Id.* at *37.

Here, the State Action record supports Superior's argument that the fees and costs it incurred, which comprise the Debt, arose from and are attributable to the establishment of Debtor's fraud.  Thus, as established in Appellant's Brief based on *Cohen*, the Debt is non-dischargeable.

## II.    Superior's Fees And Costs Incurred In The Adversary Proceeding Are Recoverable And Non-Dischargeable

According to Debtor, Superior is not entitled to recover its fees and costs expended in the Adversary Proceeding, even though Superior is the prevailing party.

Debtor next argues in response to Superior reliance on *In re Busch*, 369 B.R. 614 (10th Cir. BAP 2007), that *In re Shahid*, 254 B.R. 40 (10th Cir. BAP 2000) is more persuasive here. First, as was the case in *In re Busch*, Superior has incurred attorneys fees and costs in the Adversary Proceeding, and again, in this appeal to enforce its Debt. Relying on the reasoning of the U.S. Supreme Court in *Traveler's Casualty & Surety Co. v. Pacific Gas & Elec. Co.*, 549 U.S. 443 (2007), *In re Busch* specifically acknowledges the availability of fees and costs to a prevailing litigant in an Adversary Proceeding (even when such fees and costs were awardable by statute and not contract):

> Although in *Travelers,* the issue was raised in the context of attorney's fees which were shifted by contract, the reasoning in *Travelers* is equally applicable to attorney's fees shifted by state statute. This is particularly so given the Supreme Court's emphasis on the long-recognized principle that the basic federal rule in bankruptcy is that state law governs the substance of claims. *Id.* at 1205. Further, the Supreme Court stated " '[p]roperty interests are created and defined by state law,' and '[u]nless some federal interest requires a different result, there is no reason why such interests should be analyzed differently simply because an interested party is involved in a bankruptcy proceeding.' " *Id.* (quoting *Butner v. United States,* 440 U.S. 48, 55, 99 S.Ct. 914, 59 L.Ed.2d 136 (1979)).

*In re Busch*, 369 B.R. 614, 625 (B.A.P. 10th Cir. 2007).

Superior is the prevailing party in the Adversary Proceeding, despite the errors made by the Bankruptcy Court in assessing the Debt under 11 U.S.C. § 523(a)(2)(A),

and is entitled to recover its fees and costs pursuant to the Independent Contractor Agreement. Alternatively, precisely because the Bankruptcy Court erred in its findings with respect to the applicability of *Cohen* to the Debt, Superior is the prevailing party. Either way, because the fees and costs Superior has incurred in the dischargeability litigation would be awardable under Colorado state law via the Independent Contractor Agreement, Superior is entitled to the recovery of said fees and costs here pursuant to *In re Busch*, *Traveler's*, and *Butner v. United States*, 440 U.S. 48 (1979). Of note, *In re Busch* specifically addressed the issue of non-dischargeability under § 523(a). Debtor's argument as to the applicability of *In re Shahid* here is unpersuasive.

As Debtor points out, *In re Shahid* concerns the denial of the debtor's discharge under § 727. However, the crucial difference between the fee-shifting provisions of *In re Shahid* and the instant appeal is the content of each provision. In *In re Shahid*, the creditor prevailed on a complaint to deny debtor's Chapter 7 discharge for fraudulently transferring assets, but was unable to use the fee shifting provision in its promissory note with debtor to recover "prevailing party" attorneys fees, since a proceeding to deny debtor's discharge was not action upon the promissory note. 254 B.R. at 43. Importantly, the fee-shifting provision identified in *In re Shahid* reads as follows: "In the event of any default in the payment of this note and if suit is brought hereon, the holder thereof shall be entitled to collect in

such a proceeding all reasonable costs and expenses of suit, including, but not limited to, reasonable attorneys fee…" 254 B.R. at 42. Compare this provision with that of Paragraph 11 of the Independent Contractor Agreement between Superior and Debtor, reproduced here (a copy of the Independent Contractor Agreement is attached hereto as **Exhibit 2**):

11. <u>Attorneys' Fees</u>

      In the event of any dispute arising from or related to this agreement, the prevailing Party shall be awarded reasonable attorneys' fees and costs.

The language of the Independent Contractor Agreement does not preclude the possibility of recovering fees in dischargeability litigation and contains extremely broad language, whereas the promissory note at issue in *In re Shahid* was limited specifically to collection activity. Thus, setting aside from the stark factual differences of *In re Shahid*, Debtor incorrectly argues that "the same reasoning" of *In re Shahid* "for disallowing attorneys fees applies herein." Response Brief, p. 20-21. As the prevailing party in the Adversary Proceeding, Superior is entitled to recover its attorneys fees and costs as part of its non-dischargeable debt.

## CONCLUSION

      The Bankruptcy Court erred in its assessment of *Cohen* and 11 U.S.C. § 523(a)(2)(A) with respect to the Debt. Superior is entitled to recovery of its fees and costs expended in successful dischargeability litigation because of the fee-shifting

provision of the Independent Contractor Agreement, reproduced above, and in accordance with *In re Busch, Traveler's,* and *Butner.*

DATED this 21<u>st</u> day of November, 2017.

<div style="margin-left:40%">

/s/  Lindsay J. Miller

Lindsay J. Miller, Esq.

**MONTGOMERY LITTLE & SORAN, P.C.**

5445 DTC Parkway, Suite 800

Greenwood Village, CO 80111

Tel: (303) 773-8100

Fax: (303) 220-0412

Email: lmiller@montgomerylittle.com

*Counsel for Appellant*

*Superior Cleaning Service, LLC*

</div>

## CERTIFICATE OF SERVICE

I hereby certify that on this 21st day of November, 2017, a true and accurate copy of the foregoing **APPELLANT'S REPLY BRIEF** was filed and served via CM/ECF to the following:

Daniel T. Birney, Esq.
George Dimitrov, Esq.
1777 S. Bellaire St., Suite 419
Denver, CO 80222
Email: dan@5280bankruptcy.com
Email: George@5280bankruptcy.com

Joshua Sheade, Esq.
Stephen Berken, Esq.
Berken Cloyes
1159 Delaware Street
Denver, CO  80204
Email: Joshua.sheade@gmail.com
Email: stephenberkenlaw@gmail.com

<div style="margin-left:40%">

/s/      Lindsay J. Miller

</div>

14