**Civil Action No. 17-cv-01910-REB**
**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Bankruptcy No. 16-21204 KHT, Chapter 13
Adversary No. 17-01066 KHT

IN RE:

LINO MIRANDA MUNOZ,
    Debtor.

---

SUPERIOR CLEANING SERVICE, LLC
    Appellant,
v.

LINO MIRANDA MUNOZ,
    Appellee.

---

**RESPONSE TO APPELLEE'S OBJECTIONS TO RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**

---

SUPERIOR CLEANING SERVICE, LLC ("Superior"), through its undersigned counsel, hereby files with the United States District Court for the District of Colorado ("Appellate Court") its Response to Appellee's Objections to Recommendation of United States Magistrate Judge ("Response"), and in support thereof, states as follows:

**Background**

This dispute arises out of a state court action, initiated by Debtor Lino Munoz ("Munoz") on February 7, 2014 against Superior, for breach of contract and unjust enrichment in Boulder County District Court. #7-1 at 9. In response, Superior asserted a number of counterclaims against Munoz, including fraud. *Id.* The case ultimately progressed to a four-day jury trial, resulting in a

1

jury verdict in favor of Superior[1]. *Id.* Because the contract at issue between the parties (the Independent Contractor Agreement) contained a fee-shifting provision and because Superior had prevailed against Munoz on all claims at trial, the State Court entered the judgment at issue here against Munoz. *Id.* The judgment ultimately entered by the State Court against Munoz totaled $90,733.79, with interest to accrue at the rate of 8% per annum. #7-1 at 10.

Munoz subsequently filed for Chapter 13 bankruptcy protection on November 16, 2016. #7-1 at 10. Superior thereafter filed its Complaint Objecting to Discharge under 11 U.S.C. § 523(a)(2)(A) on February 24, 2017. *Id.* On July 26, 2017, the United States Bankruptcy Court for the District of Colorado ("Bankruptcy Court") granted summary judgment in favor of Superior finding that "the issue of whether Munoz committed fraud was actually litigated and necessarily adjudicated" in the State Court matter, and thus, could not be re-litigated in the Adversary Proceeding. *Id.* However, the Bankruptcy Court also found that "the amount of debt attributable to Munoz's fraud" was $1.00 in actual damages and $1.00 for exemplary damages, "for a total of $2.00." #7-1 at 10. As a result, the Bankruptcy Court determined that only $2.00 of the $90,733.79 judgment entered against Munoz was not dischargeable. #7-1 at 10-11.

Superior filed the instant appeal on August 7, 2017 to determine whether the Bankruptcy Court erred in determining only $2.00 of the judgment was nondischargeable, and whether the Bankruptcy Court erred in failing to award Superior its attorneys' fees and costs expended in the Adversary Proceeding. Munoz did not file a cross-appeal.

---

[1] The jury awarded nominal damages to Superior for breach of contract and fraud, but also awarded Superior $12,500 in punitive damages for fraud. #7-1 at 9. However, due to the operation of C.R.S. § 13-21-102(1)(a), the Boulder District court modified the jury verdict, awarding damages to Superior in the amount of $3.00. *Id.*

**Response to Standard of Review**

As an initial matter, Superior does not disagree with Appellee ("Munoz") as to the Appellate Court's obligation to review the Objections under a *de novo* standard and the fact the Appellate Court here "may accept, reject, or modify, in whole or in part, those portions of the proposed findings and recommendations."  *Mahoney v. Ernst & Young LLP*, 487 F.Supp.2d 780 (S.D.Tex. 2006).  However, "[t]he [Appellate Court] Judge may be persuaded by the reasoning of the magistrate judge while still engaging in an independent decision.  *See Mendez v. Republic Bank*, 725 F.3d 651 (7th Cir. 2013).

**Response to Objections**

1. **Munoz's Fraud was "True Nature" of Debt Owed to Superior and was Inextricably Linked to the Breach of Contract Counterclaim against Munoz**

In his Objection, Munoz argues that the Bankruptcy Court's conclusion "that the issue of damages for Superior's state law fraud claim is 'identical' to the issue of what debt is nondischargeable under Section 523(a)(2)(A)" is correct – despite the fact that this conclusion is apparently only supported by three Circuit Courts in the entire United States.  *See* Recommendation, p. 13.  The more logical and equitable approach employed by the vast majority of jurisdictions faced with this issue is to examine the "true nature" of the debt owed, as the Magistrate Judge here advocates.  *Id.* at 15-16.

Here, contrary to Munoz's argument, the fraud counterclaim that Superior asserted against Munoz in State Court necessarily arose from the parties' breach of contract dispute; but for the Independent Contractor Agreement between the two, Munoz would not have initiated the State Court action for "breach of contract." #7-1 at 46.  The circumstances surrounding the entry of the judgment at issue against Munoz are analogous to the cases described on pages 15 and 16 of the

Recommendation. For example, the Magistrate Judge cites to *In re Thompson*, 511 B.R. 20, 23 (Bankr. D. Conn. 2014), wherein a state court jury awarded damages for both "breach of contract" and "fraudulent misrepresentation." Recommendation, p. 15. As Superior argues here, the creditor in *In re Thompson* later argued that "both awards were exempt from discharge pursuant to Section 523(a)(2)(A), because the breach of contract arose out of the debtor's fraud." *Id.*

The United States Bankruptcy Court for the District of Connecticut agreed, "finding that 'the fraudulent misrepresentation claims…which the jury found to be present, centered on the [contract] and by extension the breach of the [contract].'" Recommendations, p. 15. The Magistrate Judge references numerous other jurisdictions that have "taken a similar approach" in Footnote 11 of the Recommendations, including the Central District of California, the Southern and Eastern Districts of Texas, and the Northern District of Georgia.

Here, there is no "second bite at the apple" to be had. Objections, p. 2. The State Court pleadings that comprise a portion of the Record on Appeal reveal that because of Munoz's fraud, he breached the contract with Superior. It is obvious from the State Court pleadings and documents that the State Court action "centered" on the Independent Contractor Agreement and the parties' obligations and remedies thereunder. #7-1 at 46-49. It is therefore illogical to argue that Superior's fraud counterclaim is somehow distinct from its breach of contract counterclaim, since the parties' contractual relationship provided the groundwork for Superior's fraud counterclaim– i.e. Munoz failed to abide by the parties' agreement in performing work assigned by Superior and then inflated the invoices to Superior for the incomplete/unperformed work. #7-1 at 58, Ex. 1, *Answer with Counterclaims and Jury Demand*, p. 5-6. In other words, there would be no fraud counterclaim against Munoz without a corresponding breach of contract claim; the two were "inextricably

linked" and the "true nature" of the debt must be examined for purposes of assessing nondischargeability. Recommendation, p. 16-17.

Munoz's cite to *Gem Ravioli, Inc. v. Creta (In re Creta)*, 271 B.R. 214, 221 (1st Cir. B.A.P. 2002) is confusing and misplaced, as this case dealt with an alleged misrepresentation that the debtor "held a license permitting him to engage in the business of refrigeration and air conditioning." *Id.* at 214. Here, the State Court record evidences that because Munoz failed to, among other things, perform the work assigned and actively engaged in fraudulent billing practices *after* it entered into the Independent Contractor Agreement, Munoz breached the contract. *In re Creta* is distinguishable.

*In re King*, 103 F.3d 17 (5th Cir. 1997), provides further support for the more customary practice of examining these types of mixed-damages awards. As was the case in *In re Thompson*, in *King,* the jury in the underlying state court matter entered damages on both breach of contract and fraud claims but, inexplicably, the state court " 'substituted a new judgment that limited the [creditors'] award to contract damages,'" thus eliminating the damages awarded for fraud. *Id.* at 18. The Fifth Circuit reversed the bankruptcy court's decision to preclude the creditor from exempting the state court judgment from discharge, finding that " '[t]he bare fact that the state court awarded only contract rather than fraud damages does not preclude the bankruptcy court from inquiring into the true nature of that debt.'" *Id.* at 19.

Notably, there are slight variances in the facts of *In re King*, the facts of *In re Thompson* and the facts of the instant dispute that are favorable to Superior. First, in *In re Thompson*, the jury verdict for fraud was nominal in comparison to the breach of contract claim[2], yet the Court still found in favor of the creditor. Here, the opposite is true. In *King*, the state court unilaterally

---

[2] $23,160 for breach of contract vs. $1 for fraudulent misrepresentation. *In re Thompson*, 511 B.R. at 23.

5

eliminated the award of "fraud" damages, leaving only "contract" damages, yet the Fifth Circuit Court ultimately determined that this elimination does not obligate the bankruptcy court to consider such labels.  Here, there was no elimination of any category of damages by the State Court, and despite the reduction in the amount of punitive damages awarded to Superior, the State Court awarded Superior the fees and costs that comprise the judgment at issue here citing to Superior's success on *both* Munoz's claims and all counterclaims, including fraud and breach of contract. Recommendations, p. 21; #7-1 at 128-129.

The jury verdict in favor of Superior is telling, especially in terms of examining the "true nature" of the debt owed by Munoz: the punitive damages award for the fraud counterclaim was originally entered in the amount of $12,500, versus $1.00 for breach of contract. #7-1 at 125.  It is of no consequence that the State Court awarded Superior its attorneys fees and costs under a Fee-Shifting provision, or that even $1.00 was awarded for breach of contract; the "true nature" of the debt owed by Munoz is nondischargeable fraud.

2. **Superior's Success on All Counterclaims Against Munoz, Including Fraud, Provide Basis for State Court Award of Attorneys Fees and Said Fees are Nondischargeable**

As the Magistrate Judge points out, "the vast majority of the Judgment obtained by Superior in the State Court Action consisted of attorneys' fees and costs."  However, the fees incurred by Superior cannot possibly be apportioned out by "claim" in the State Court Action, and they are "inextricably intertwined with all claims asserted and litigated during the State Court Action." Recommendation, p. 19.  As the above-cited cases and those cited by the Magistrate Judge demonstrate, damages for contractual liability may fall within the purview of Section 523(a)(2)(A).  Moreover, the seminal case on this issue, *Cohen v. de la Cruz*, 523 U.S. 213 (1998), holds that Section 523(a)(2)(A) " 'encompasses any liability arising from money, property, etc…that is fraudulently obtained, including…attorneys' fees." Recommendation, p. 19.  The

6

Magistrate Judge further correctly articulated, as a logical outgrowth of the "true nature" examination argument, that Section 523(a)(2)(A) – in multiple jurisdictions – "includes attorneys' fees awarded pursuant to a contractual agreement between the debtor and creditor." Recommendation, p. 19-20; See *TranSouth Fin. Corp. of Fla. v. Johnson*, 931 F.2d 1505, 1507 (11th Cir. 1991).

Contrary to Munoz's contention, the Magistrate Judge does not misapply *Cohen*. Moreover, there is nothing in *Cohen* limiting recovery of attorneys fees to awards authorized strictly by a fraud statute. Such a reading of *Cohen* is absurd, and would unnecessarily restrict the application of *Cohen* to a handful of situations, providing an egregious windfall to debtors like Munoz. 11 U.S.C. § 523(a)(2)(A) does not impose any "restitutionary ceiling" or any other limitation to which any debt arising from fraud is excepted from discharge. *Cohen*, 523 U.S. at 214. Thus, the presence of a contractual fee-shifting provision does not impact the analysis here under *Cohen*.

**3. Valid Fee-Shifting Provision Encompasses Adversary Proceeding**

Lastly, Munoz inexplicably argues that because "the claims in this case involve solely the dischargeability of a debt under 11 U.S.C. §523 (a)(2)(A), [and] not the liquidation of a claim," Superior is not entitled to recovery of its attorneys' fees and costs expended in the Adversary Proceeding. Objection, p. 5. Munoz ignores the existence of the parties' undisputed contract, which includes a valid fee-shifting provision.

Superior is entitled to an award of the attorneys' fees and costs it has expended in the successful dischargeability litigation per *In re Busch*[3] and the cases upon which it relies, including *Traveler's Casualty & Surety Co. v. Pacific Gas & Elec. Co.,* 549 U.S. 443 (2007). At issue in *In*

---

[3] 294 B.R. 137 (B.A.P. 10th Cir. 2003)

*re Busch* was whether or not the prevailing litigant (former wife of debtor) was entitled to an award of attorneys' fees and costs she expended in an adversary proceeding challenging the dischargeability of the debtor's obligation to pay, as "non-dischargeable support," the second mortgage on the parties' marital residence (outlined in a Utah state court divorce decree) 369 B.R. 614.

Relying on the teachings of *Cohen,* the Court in *Busch* determined that the former wife's fees expended in the debtor's various bankruptcy cases and a nondischargeability action were recoverable. *In re Busch*, 369 B.R. at 625-626. The *Busch* Court relied on the reasoning of *Butner v. United States[4]*, that "property interests are created and defined by state law," and "unless some federal interest requires a different result, there is no reason why such interests should be analyzed differently simply because an interested party is involved in a bankruptcy proceeding." 440 U.S. at 55. Because Utah state law provided for an award of fees to a prevailing party in a post-decree action, and because there was no "federal interest requiring a different result in the bankruptcy action," the award was proper. Again, such is the case here. Additionally, of note, the Magistrate Judge cites to *Hardin Paving, Co. v. Jackowiak (In re Jackowiak)*, No. 09-A-96013, 2009 WL 3930217, at *4 (Bankr. N.D. Ill. Nov. 18, 2009), which is particularly relevant to the situation at hand: "Although the Plaintiff's right to attorneys' fees arises out of a contractual provision in the Subcontract Agreement, the attorneys' fees were incurred in connection with the proceedings to find the debt non-dischargeable under Section 523(a)(2)."

Here, the fee-shifting provision encompasses "any dispute arising from or related to" the Independent Contractor Agreement. #7-1 at 164. As the Magistrate Judge points out, "Colorado courts have interpreted the phrase 'arise out of' broadly 'to mean 'originate from,' 'grow out of,'

---

[4] 440 U.S. 48 (1979)

8

or 'flow from.'" *Bedard v. Martin*, 100 P.3d 584, 593 (Colo. App. 2004); Recommendation, p. 24. Because this Adversary Proceeding and appeal constitute "disputes" that "arise from or [are] related to" the Independent Contractor Agreement – the same document that was the subject of the State Court trial, the judgment at issue here, and the continued request for fees defending said judgment – any fees and costs expended by Superior are recoverable against Munoz.

## **CONCLUSION**

As previously stated, the Appellate Court's *de novo* review of this matter affords the Court freedom to "accept, reject, or modify, in whole or in part, those [disputed] portions of the proposed findings and recommendations." *Mahoney v. Ernst & Young LLP*, 487 F.Supp.2d 780 (S.D.Tex. 2006). However, "[t]he [Appellate Court] Judge may be persuaded by the reasoning of the magistrate judge while still engaging in an independent decision. *See Mendez v. Republic Bank*, 725 F.3d 651 (7th Cir. 2013). Here, while Superior agrees with the Recommendations of the Magistrate Judge, Superior further calls upon the Appellate Court to affirmatively issue an Order in favor of Superior, fully reversing the factual findings and legal conclusions of the United States Bankruptcy Court for the District of Colorado and entering factual findings and legal conclusions in favor of Superior.

Wherefore, for the foregoing reasons stated, Superior Cleaning Services, LLC respectfully requests that the Appellate Court enter an Order from the United States District Court for the District of Colorado affirmatively finding and ruling that:

(1) The entire judgment entered against Munoz is nondischargeable under 11 U.S.C. § 523(a)(2)(A); and

9

(2) Superior is entitled to recovery of its attorneys fees and costs incurred in connection with the Adversary Proceeding due to the broad language of the fee-shifting provision of the Independent Contractor Agreement.

DATED this 10th day of August, 2018.

        Respectfully submitted,
        **MONTGOMERY LITTLE & SORAN, P.C.**

        /s/ Lindsay J. Miller
        Lindsay J. Miller, #42372
        5445 DTC Parkway, Suite 800
        Greenwood Village, CO 80111
        Tel: (303) 773-8100
        Fax: (303) 220-0412
        Email: lmiller@montgomerylittle.com
        *Counsel for Appellant*
        *Superior Cleaning Service, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on this 10th day of August 2018, a true and accurate copy of the foregoing **RESPONSE TO APPELLEES OBJECTIONS TO RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE** was filed and served via CM/ECF to the following:

Daniel T. Birney, Esq.
George Dimitrov, Esq.
1777 S. Bellaire St., Suite 419
Denver, CO 80222
Email: dan@5280bankruptcy.com
Email: George@5280bankruptcy.com

Joshua Sheade, Esq.
Stephen Berken, Esq.
Berken Cloyes
1159 Delaware Street
Denver, CO 80204
Email: Joshua.sheade@gmail.com
Email: stephenberkenlaw@gmail.com

        /s/ Lindsay J. Miller